UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>IVANA YARTIZELL RODRIGUEZ,<br><br>                                    Defendant. | Case No.:  19-CR-4693-GPC<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE**<br><br>**[ECF No. 109]** |

## I.  INTRODUCTION

On October 6, 2022, Federal Defenders filed a status report notifying the Court of its belief that Defendant Ivana Yartizell Rodriguez may qualify for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and that Federal Defenders would accept appointment as counsel.  ECF No. 106.  On December 27, 2022, with the assistance of counsel, Rodriguez, filed an emergency motion for a sentence reduction under § 3582(c)(1)(A)(i). ECF No. 109.  On January 11, 2023, the United States filed its opposition, (ECF No. 114), and on January 25, 2023, Rodriguez filed her reply, (ECF No. 120).

For the reasons that follow, Rodriguez's Motion is **GRANTED**, effective **June 1, 2023**, or three months following the birth of her son, whichever is earlier, so that she can continue to care for her newborn child.

## II.   BACKGROUND

Rodriguez was convicted by guilty plea of Importation of Methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  ECF No. 95 (Judgment), ECF No. 68 (Second Superseding Information).  On April 4, 2022, this Court sentenced her to 18 months imprisonment and 3 years of supervised release. ECF No. 95 at 2–3.  Rodriguez self-surrendered on July 21, 2022, (ECF No. 97), and until recently was incarcerated at the Federal Detention Center, SeaTac ("SeaTac"), (ECF No. 109-1 at 7). Rodriguez's expected release date is in early August 2023. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

Rodriguez seeks compassionate release because of, and for reasons related to, her pregnancy.  ECF No. 109 at 3.  In her initial Motion, Rodriguez states she was 30 weeks pregnant as of the end of December 2022; has had several complications during her pregnancy; that the Bureau of Prisons ("BOP") has failed to satisfy basic standards of prenatal care; is concerned that if she is not placed in a BOP Mothers and Infants Nurturing Together ("MINT") program in the near future it will be too late for her to travel via airplane; and if she is not placed in a MINT program, the BOP may be planning to separate her from her baby.  *Id.*  She argues that these circumstances constitute "extraordinary and compelling reasons for a reduction in sentence" under 18 U.S.C. § 3582(c)(1)(A)(i).

In her Reply filed on January 23, 2023, Rodriguez states that she was flown to a "MINT halfway house program in Phoenix" and that this means "[s]he can now stay with her newborn for the first 3 months of his life." ECF No. 120 at 1. After these three months, she will return to SeaTac to serve the remaining two months of her sentence. *Id.*

Rodriguez is 32 years old. ECF No. 40 at 2. She has two prior criminal convictions; one for robbery and assault with a deadly weapon and the other for vehicle theft and providing false identification to a peace officer. *Id.* at 7. In her Motion for Compassionate Release, Rodriguez states that she submitted a request for compassionate release to Warden Jacquez, which was denied in September 2022. ECF No. 109 at 6, *see id.* at 109-1 at 10–11 (letter of denial).

## III. DISCUSSION

Rodriguez moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant parts that "[t]he court may not modify a term of imprisonment once is has been imposed," except:

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> 
> > (i) extraordinary and compelling reasons warrant such a reduction;
> 
> . . . .
> 
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are four questions before the Court: (1) Whether Rodriguez has satisfied the administrative exhaustion requirement; (2) whether Rodriguez has demonstrated extraordinary and compelling reasons for a sentence reduction; (3) whether any reduction in Rodriguez's sentence would be consistent with applicable policy statements issued by the Sentencing Commission; and (4) whether the § 3553(a) factors,

3

to the extent they are applicable, weigh against Rodriguez's sentence reduction. *See also United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (discussing steps a district court must take to grant or deny a motion for compassionate release under the First Step Act).

Under the original compassionate release statute, only the BOP Director could file a § 3582(c)(1)(A) motion on behalf of a Defendant. *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). In 2018, Congress passed the First Step Act and amended § 3582(c)(1)(A) to allow a defendant to directly petition the court for a sentence reduction, provided they have met the exhaustion requirement. Pub. L. No. 115-391, 132 Stat. 5194; *see also United States v. Young*, 2020 WL 1047815, at *5 (M.D. Tenn. Mar. 4, 2020) ("The effect of the amendments is that a district judge has the ability to grant a prisoner's motion for compassionate release even in the face of BOP opposition or its failure to respond to a prisoner's request . . . . Congress's express purpose in implementing these changes was to expand the use of compassionate release sentence reductions under § 3582(c)(1)(A).").

### A. Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release. Under this requirement, courts may consider a motion for compassionate release only if defendant has either fully exhausted all administrative remedies or 30 days have lapsed from the receipt of such a compassionate release request by the warden, whichever is earlier.

It is not disputed that Rodriguez has met the exhaustion requirement. *See* ECF No. 114 at 5 n.5. She filed her Motion for Compassionate Release in this Court on December 12, 2022, which was more than 30 days from the date of her request to Warden

Jacquez. ECF No. 109-1 at 11. Thus, the Court finds that Rodriguez has properly exhausted administrative remedies and proceeds to the merits of the Motion.

**B.     Extraordinary And Compelling Reasons**

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress did not provide a statutory definition as to what constitutes "extraordinary and compelling reasons," and instead stated that the Sentencing Commission should provide guidance on what is appropriately considered "extraordinary and compelling reasons" that warrant a sentence reduction. *Aruda*, 993 F.3d at 800.

Prior to the First Step Act, the Sentencing Commission's applicable policy statement was found at U.S.S.G. § 1B1.13.[1] Application Note 1 to this Guidelines provision describes four categories of "extraordinary and compelling reasons": (1) Medical Condition of the Defendant; (2) Age of the Defendant; (3) Family

---

[1] Section 1B1.13 provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
>
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

1  Circumstances; and (4) any other extraordinary and compelling reason as determined by
2  the Director of BOP. *Id.* at 801. However, as noted by the Ninth Circuit in *United States*
3  *v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "the Sentencing Commission has not updated §
4  1B1.13 since the First Step Act amended § 3582(c)(1)(A) [in 2018]. The current version
5  of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference
6  motions filed by a defendant as now allowed . . . ." *Id.* As a result, the *Aruda* Court held
7  that Section 1B1.13 is not an "applicable policy statement[]" for motions under 18 U.S.C.
8  § 3582(c)(1)(A) filed by a defendant. *Id.* at 802. The Court therefore may consider the
9  Sentencing Commission's guidance in Section 1B1.13, but the Court is not bound by the
10 Commission's definition of extraordinary and compelling reasons. *Id.*

    The Court must determine whether Rodriguez presents extraordinary and
compelling reasons justifying her release. The Court is not bound by Section 1B1.13. *See*
*Wright*, 46 F.4th at 946 (stating § 1B1.13 cannot be treated as binding on a district court).
Rodriguez argues that "[i]n light of her unexpected pregnancy and approaching due
date—combined with the health benefits of breastfeeding her newborn son, substandard
prenatal care, and tough conditions at FDC SeaTac," extraordinary and compelling
reasons exist to justify a reduction in her sentence. ECF No. 109 at 6. Courts routinely
find that pregnant women with underlying health conditions satisfy the "extraordinary
and compelling reasons" standard under § 3582(c)(1)(A). *See e.g.*, *United States v.*
*Pardo*, 2021 WL 5447658, at *4 (E.D. Va. Nov. 22, 2021) (granting compassionate
release for individual that demonstrated her incarceration and high-risk pregnancy posed
significant risks to her and her unborn child); *United States v. Schneider*, 2020 WL
2556354, at *8 (C.D. Ill. May 20, 2020) (granting compassionate release for individual
who had underlying health conditions and was due to give birth in two months).

    However, the cases cited by Defendant and their accompanying circumstances
differ in relevant respects from Rodriguez such that her release is not justified at the

6

19-CR-4693-GPC

1  present moment. Defendant's Motion and Exhibits state that her pregnancy "is high risk,
2  'complicated by incarceration, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and a syncopal episode.'"
3  ECF No. 109 at 9 (quoting Exhibit A (letter of Dr. Noah Nattell) at 3). The Government
4  responds that Defendant does not have a high-risk pregnancy and that her medical
5  records show she actually has a normal pregnancy. ECF No. 114 at 10 (citing medical
6  records). The Government argues that Defendant's letter from Dr. Noah Nattell states that
7  all incarcerated pregnant women are at high risk, and Dr. Nattell does not specify
8  Rodriguez, in particular, as high risk. *Id.*

9        The Court has reviewed the medical records provided and finds that Rodriguez's
10 pregnancy is most accurately classified as "normal" risk. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ her pregnancy is consistently described as "normal"
14 throughout her records. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

15       In addition, since the filing of her Motion, Rodriguez has been placed and
16 relocated to the MINT Facility in Phoenix, Arizona. *See* ECF No. 114 at 14; ECF No.
17 120 at 1 (Defendant's Reply). This means she will be permitted to remain with her
18 newborn son for three months following his birth. ECF No. 120 at 1. However, she will
19 be ordered to return to SeaTac in early June to serve the remaining two months of her
20 sentence. *Id.* This means she will not be able to exclusively breastfeed her son while in

22 ─────────────

23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
27 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

the MINT program because she must ensure he does not reject formula at three months. *Id.* at 2. The Court finds that this separation three months after the newborn's birth is an extraordinary and compelling reason justifying a sentence reduction. Separation of a newborn child from their mother is an extreme measure that should occur rarely. Further, the Court agrees with Defendant that there are numerous health benefits associated with breastfeeding; Rodriguez's son will potentially face a myriad of health consequences should she be deprived of the ability to breastfeed. *See e.g.*, ECF No. 109 at 8-9.

Thus, Rodriguez has shown that extraordinary and compelling reasons that justify a sentence reduction *will* exist once she finishes the MINT program and is ordered to return to SeaTac to serve the remainder of her sentence. Because her due date is March 8, 2023, her time in the MINT facility will expire in early June 2023. ECF No. 109 at 3. After those three months, she will return to SeaTac until August 4, 2023, at which point she becomes eligible for home confinement. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/; *but see* ECF No. 109-1 at 23 ("counsel's earned time credit calculations" stating Rodriguez will be eligible for home confinement on May 6, 2023). The Court therefore finds that Ms. Rodriguez's circumstances are extraordinary and compelling once she is separated from her newborn son.

**C. § 3553(a) Factors and Public Safety**

Before determining if release is warranted, the Court must consider public safety and the Section 3553(a) factors. 18 U.S.C. §§ 3582(c)(1)(A)(ii); § 3553(a). These factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment. 18 U.S.C. § 3553(a).

Ms. Rodriguez was convicted of a drug trafficking offense and has two prior convictions, one for robbery and assault with a deadly weapon and the other for vehicle theft and providing false identification to a peace officer. *See* ECF No. 40 (PSR) at 13.

8

19-CR-4693-GPC

1 Although drug trafficking often poses a risk of danger to the public, Rodriguez spent
2 nearly three years on pretrial release for the instant offense without incident and has had
3 no disciplinary infractions while incarcerated. *See* ECF No. 109 at 13 (citing ECF No.
4 109-1 ("Exhibit D")). Rodriguez's sister-in-law states that, upon release, Rodriguez will
5 be able to live with her "in her Los Angeles home, to help her get back on her feet." ECF
6 No. 109 at 13 (citing 109-1 at 26 (letter from Rodriguez's sister-in-law)). These facts lead
7 the Court to believe that Ms. Rodriguez does not pose a danger to the community should
8 her sentence be reduced following the birth of her son.

9 In deciding whether to grant Rodriguez's Motion, the Court must also consider
10 whether the sentence served reflects the seriousness of the offense committed and
11 promotes respect for the law. The Court imposed an 18-month sentence, which was a
12 downward departure from the Guidelines range of 63-78 months and the Defendant's
13 recommendation of 36 months. *See* ECF No. 73-1 at 1 (Defendant's Sentencing
14 Summary Chart). The Bureau of Prisons website currently indicates that Defendant's
15 expected release date is August 4, 2023. There is a debate between the Parties on what
16 percentage of her sentence Rodriguez has served. *Compare* ECF No. 109 at 13 (stating as
17 of December 27, 2022 Rodriguez served 60% of her sentence); *with* ECF No. 114 at 12
18 (stating as of January 11, 2023 Rodriguez has credit for approximately 50% of her
19 sentence). Regardless, the Court finds that as of the filing of this Order, Defendant has
20 not served enough of her 18-month sentence to promote respect for the law and provide a
21 just punishment. Defendant self-surrendered in late July 2022, meaning she has served
22 approximately 55% of her sentence as of early February 2023. The Court considered
23 many circumstances in Defendant's life when she was sentenced, and the resulting 18-
24 month term represented a balancing of the seriousness of the offense with Ms.
25 Rodriguez's specific characteristics. However, the Court did not know at the time of
26 sentencing that Defendant would become pregnant and give birth in March 2023. As

9

such, the Court now finds it appropriate to reduce her sentence by approximately two months. As of early June 2023, Rodriguez will have served nearly 85% of her sentence. Because extraordinary and compelling reasons will exist upon the separation of Ms. Rodriguez from her newborn son, and because her sentence reduction is not contrary to § 3553(a), the Court **GRANTS** Rodriguez's request, effective **June 1, 2023**, or three months following the birth of her son, whichever is earlier.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) is **GRANTED**, effective **June 1, 2023**, or three months following the birth of her son and removal from the MINT facility in Phoenix, Arizona, whichever is earlier.

**IT IS SO ORDERED.**

Dated: February 2, 2023

Hon. Gonzalo P. Curiel
United States District Judge